# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 16-1470V
### Filed: August 3, 2018
UNPUBLISHED

|  |  |
|---|---|
| CANDACE SINGER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On November 8, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries as a result of an influenza ("flu") vaccine she received on December 17, 2015. Petition at 1, 3. On September 28, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 32).

On April 4, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 39). Petitioner requests attorneys' fees in the amount of $15,267.20 and attorneys' costs in the amount of $992.66. *Id.* at 1. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $16,259.86.

On April 17, 2018, respondent filed a response to petitioner's motion.  (ECF No. 40).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On April 20, 2018, petitioner filed a reply.  (ECF No. 41).   Petitioner disputes respondent's position that she has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

Attorney Danielle Strait billed 0.10 hours in 2016 at a rate of $306 per hour. (ECF No. 39-1 at 1). The undersigned shall reduce Ms. Strait's hourly rate to the previously awarded rate of $300 for 2016.  *See Schultheis v. Sec'y of Health & Human Servs.,* No. 13-0781V, 2017 U.S. Claims LEXIS 759, at *5 (Fed. Cl. Spec. Mstr. June 5, 2017) (setting Ms. Strait's rate for 2016). This results in **a reduction of fees in the amount of $0.60**.

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S*., 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.40 hours[3] was billed by the attorney and paralegals on tasks considered administrative including, opening and setting up client files, receiving,

---

[3] Examples of these entries include: June 29, 2016 (1.0 hrs) "Open file and set up same", June 30, 2016 (0.20 hrs) "Prepare retainer packet for delivery via UPS", January 24, 2017 (0.10 hrs) "Receipt and review of proof of service from Rite Aid. Update file." and November 30, 2017 (0.20 hrs) "Review and send entitlement check, cover letter and judgment to client." These entries are merely example and are not exhaustive.

preparing and sending correspondence. For these reasons the undersigned will **reduce the attorney's fees request in the amount of $215.00**.[4]

The full amount of attorney costs requested, $992.66, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,044.26[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amber Diane Wilson. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount consists of 0.30 hours at $105 per hour, 0.50 hours at $135 per hour, 0.40 hours at $145 per hour and 0.20 hours at $290 per hour.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.